1  FOLGER LEVIN LLP
   Lisa McCabe van Krieken (CSB No. 121808, lvankrieken@folgerlevin.com)
2  Sherri M. Hansen (CSB No. 302903, shansen@folgerlevin.com)
   199 Fremont Street, 20th Floor
3  San Francisco, CA  94105
   Telephone: 415.625.1050
4  Facsimile: 415.625.1091

5  Attorneys for Defendants
   Hyatt Corporation and
6  48123 CA Investors, LLC

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12
   SUSANA GUILLEN PAZ,                    Case No.
13
              Plaintiff,                  **NOTICE OF REMOVAL OF CIVIL**
14                                        **ACTION TO FEDERAL COURT UNDER**
       v.                                 **28 U.S.C. SECTION 1441(b) [Diversity of**
15                                        **Citizenship]**
   48123 CA INVESTORS, LLC; and
16 HYATT CORPORATION,                     **[Monterey County Superior Court,**
                                          **Case No. 21CV002925]**
17            Defendants.

18

19     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20         PLEASE TAKE NOTICE that Defendants Hyatt Corporation and 48123 CA Investors,

21 LLC (collectively "Defendants") hereby remove to the United States District Court, Northern

22 District of California, the above-captioned action from Monterey County Superior Court, Case

23 No. 21CV002925, and state:

24         1.      On or about September 16, 2021, a civil action was commenced in Monterey

25 County Superior Court, State of California, by the filing of a Complaint entitled *Susana Guillen*

26 *Paz v. 48123 CA Investors, LLC and Hyatt Corporation*, Case No. 21CV002925 ("the State

27 Action") in the files of said court.

28         2.      The first date of service of process on Defendant Hyatt Corporation in the State

Action was September 17, 2021. Service was accomplished in the State Action by personal service. The first date of service of process on Defendant 48123 CA Investors, LLC was September 17, 2021. Service was accomplished in the State Action by personal service.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Summons, Complaint and other papers served on Defendants in the State Action, which documents constitute all the papers and pleadings served on Defendants in the State Action.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Answer filed by Defendants in the State Action on October 15, 2021.

5.      <u>Diversity Jurisdiction</u>:  This Court has original jurisdiction over the above-described civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. The action therefore is removed on the ground of diversity pursuant to 28 U.S.C. § 1441(b).

a.      <u>Amount in Controversy</u>:  The amount in controversy here exceeds $75,000 in that the Complaint filed in the State Action seeks back pay and future wages in excess of $200,000 (Complaint, Prayer for Relief, ¶1), emotional distress damages in excess of $500,000 (Prayer for Relief, ¶2), punitive damages, and total damages in excess of $1.5 million (Prayer for Relief, ¶6). Based on Plaintiff's allegations and Prayer for Relief, it is facially apparent from the Complaint and the inferences therefrom that the amount in controversy here exceeds $75,000.

b.      <u>Complete Diversity</u>:  Defendants are informed and believe that Plaintiff was and still is a citizen and resident of the State of California. Complaint, ¶¶ 1, 10.

c.      At the time of the commencement of the State Action, Defendant Hyatt Corporation was and still is incorporated in the state of Delaware with its headquarters and principal place of business in the state of Illinois. Thus, Defendant Hyatt Corporation is a citizen of Delaware and Illinois for the purposes of establishing diversity jurisdiction.

At the time of the commencement of the State Action, Defendant 48123 CA Investors, LLC was and still is a Limited Liability Company ("LLC"). The citizenship of a limited liability company is determined by the citizenship of each of its members (and then also by looking at

1    those members' citizenship if necessary). Defendant 48123 CA Investors, LLC has one member,

2    48123 CA Holding, LLC, which in turn has two members.

3         The first member of 48123 CA Holding, LLC is Wanxiang Ventana Hotel, LLC, the only

4    member of which is Real Estate America Group, whose only member in turn is Wanxiang

5    America Corporation, a Kentucky Corporation whose principal place of business is Illinois. Thus,

6    Wanxiang Ventana Hotel, LLC is a citizen of Kentucky and Illinois for the purposes of

7    establishing diversity jurisdiction.

8         The second member of 48123 CA Holding, LLC is Geolo Ventana Investment, LLC,

9    whose only member is Geolo Capital II, LP, which is a Limited Partnership. Geolo Capital II LP

10   has one limited partner and one general partner, each of which is ultimately owned (also

11   exclusively through LLCs and LPs) by two separate trusts, with the sole trustee for each being

12   Cranberry Lake Trust Company LTA, a Texas Limited Trust Association. Thus, 48123 CA

13   Holding, LLC is a citizen of Texas for the purposes of establishing diversity jurisdiction.

14        In sum, therefore, Defendant 48123 CA Investors is a citizen of Kentucky, Illinois, and

15   Texas for the purposes of establishing diversity jurisdiction.

16        d.    This is a civil action over which the Court has original jurisdiction under

17   the provisions of 28 U.S.C. § 1332 and may be removed to this Court by Defendants pursuant to

18   the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different

19   states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of

20   interest and costs.

21        6.    Other Removal Requirements Are Met:  Written notice of the filing of this Notice

22   of Removal is being served on Plaintiff's counsel on October 18, 2021.

23        7.    A true and correct copy of this Notice of Removal is being filed on October 18,

24   2021, with the Clerk of the Monterey County Superior Court, State of California.

25        8.    In that this Notice of Removal is filed within 30 days of the service of the

26   Summons and Complaint on Defendants, removal of this action is timely. 28 U.S.C. § 1446(b).

27        WHEREFORE, Defendants hereby request that the civil action now pending against them

28   in the Monterey County Superior Court, State of California, be removed to this Court as provided

1  by law.

2  Dated:  October 18, 2021                              FOLGER LEVIN LLP

3                                                        /s/ Sherri M. Hansen

4                                                        Sherri M. Hansen
                                                         Attorneys for Defendants
5                                                        Hyatt Corporation and
                                                         48123 CA Investors, LLC
6

7                              **<u>CERTIFICATION</u>**

8
            I certify under Federal Rule of Civil Procedure, Rule 11, that the foregoing is true and
9
   correct to the best of my knowledge.
10

11  Dated:  October 18, 2021                             FOLGER LEVIN LLP

12                                                       /s/ Sherri M. Hansen

13                                                       Sherri M. Hansen
                                                         Attorneys for Defendants
14                                                       Hyatt Corporation and
                                                         48123 CA Investors, LLC
15
   1131091.2
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>HYATT CORPORATION<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>SUSANA GUILLEN PAZ | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 9/16/2021 12:41 PM<br>By: Rowena Esquerra, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Monterey County Superior Court<br><br>1200 Aguajito Road, Monterey, CA 93940 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>21CV002925 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sebastian Miller, Sebastian Miller Law, P.C., 3785 Via Nona Marie, Suite 203-E, Carmel, CA 93923

| | | | |
|---|---|---|---|
| DATE: September 16, 2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | /s/ Rowena Esquerra | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: HYATT CORPORATION

   under: ☒ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

48123 CA INVESTORS, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUSANA GUILLEN PAZ

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/16/2021 12:41 PM
By: Rowena Esquerra, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Monterey County Superior Court
1200 Aguajito Road, Monterey, CA 93940

CASE NUMBER:
*(Número del Caso):*   21CV002925

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sebastian Miller, Sebastian Miller Law, P.C., 3785 Via Nona Marie, Suite 203-E, Carmel, CA 93923

DATE: September 16, 2021          Clerk, by      /s/ Rowena Esquerra      , Deputy
*(Fecha)*                         *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Sebastian Miller (SBN 265793)<br>Sebastian Miller Law, P.C.<br>3785 Via Nona Marie, Suite 203-E<br>Carmel, CA 93923<br>TELEPHONE NO.: 4083481728   FAX NO.: 4087163149<br>ATTORNEY FOR *(Name)*: Susana Guillen Paz | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 9/16/2021 12:41 PM<br>By: Rowena Esquerra, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Monterey 93940
BRANCH NAME: Monterey Courthouse

CASE NAME:
Susana Guillen Paz v. Hyatt Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>21CV002925 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☐ Substantial amount of documentary evidence
 d. ☐ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: Eleven (Discrimination, infliction of distress, other torts, discharge)
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 16, 2021
Sebastian L. Miller                              ► S/ Mille
_____        _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/16/2021 12:41 PM
By: Rowena Esquerra, Deputy

1 | Sebastian L. Miller (SBN 265793)
sebastian@sebastianmillerlaw.com
2 | SEBASTIAN MILLER LAW, P.C.
3785 Via Nona Marie, Suite 203-E
3 | Carmel, CA 93923
Telephone: 408.348.1728
4 | Facsimile: 408.716.3149

5 | Attorneys for Plaintiff
SUSANA GUILLEN PAZ

6

7 | SUPERIOR COURT OF CALIFORNIA

8 | COUNTY OF MONTEREY

9 | SUSANA GUILLEN PAZ,                    Case No. 21CV002925

10 |              Plaintiff,               Complaint For:

11 |       v.                             (1) Disability Discrimination – Disparate
                                              Treatment In Employment (Gov. Code §
12 | 48123 CA INVESTORS, LLC; and            12940(a))
     HYATT CORPORATION,                  (2) Disability Discrimination In Housing (Civil
13 |                                          Code § 51(b))
                 Defendants.             (3) Disability Discrimination In Housing (Gov.
14 |                                          Code § 12955(a), (k))
                                         (4) Failure To Accommodate A Disabled
15 |                                          Employee (Gov. Code § 12940(m))
                                         (5) Failure To Engage In A Good Faith
16 |                                          Interactive Process With A Disabled
17 |                                          Employee (Gov. Code § 12940(n))
                                         (6) Retaliation Related To Employee's COVID
18 |                                          Test (Labor Code §§ 98.6, 6409.6(f))
                                         (7) Intentional Infliction Of Emotional Distress
19 |                                     (8) Negligent Infliction Of Emotional Distress
20 |                                     (9) Breach Of Contract
                                         (10) Conversion / Trespass
21 |                                     (11) Constructive Discharge In Violation Of
22 |                                          Public Policy (*Tameny*)
23 |
                                         Jury Trial Demanded
24 |
                                         Trial Date: None Set
25 |
26 |
27 |

1
PLAINTIFF'S COMPLAINT FOR DAMAGES

I.    **FACTUAL BACKGROUND AND LEGAL ALLEGATIONS**

1.      This lawsuit seeks damages from two related categories of harm: (i) employment discrimination against Plaintiff because of her physical disabilities; and (ii) Plaintiff's expulsion from an apartment she occupied on a hotel property during the COVID pandemic.

2.      Plaintiff Susana Guillen Paz is 77-years old.  She is a United States citizen.  She does not speak or read English.  Starting in September 1981 and continuing through August 2021, Plaintiff was employed by entities that owned and/or managed the Ventana Inn & Spa in Big Sur, CA (the "Ventana Inn").  During those forty years, Plaintiff performed various tasks at the Ventana Inn, primarily related to housekeeping, food preparation, guest services and manual work of a similar nature.

3.      The defendants in this lawsuit are two companies: (i) 48123 CA Investors, LLC ("48123")—which owned the Ventana Inn and related properties from roughly August 2015 until June 2021; and (ii) Hyatt Corporation ("Hyatt")—which managed the Ventana Inn starting in 2018 and purchased the entire property in June 2021.

4.      In addition to working at the Ventana Inn, Plaintiff also resided in an apartment on the Ventana Inn property.  Specifically, Plaintiff started living at an apartment near the Ventana Inn shortly after her employment began.  Her children grew up in an apartment on the property and they attended local schools.  Plaintiff continued living at the Ventana Inn property until the late 1980s when she moved to the Monterey Peninsula—Seaside and Monterey.  But, even when Plaintiff lived outside Big Sur, she continued to commute to work at the Ventana Inn, taking bus rides, carpooling and getting to work in other ways.

5.      Around 2008, Plaintiff moved back to an apartment at the Ventana Inn with the address of Unit D-19 (the "Apartment").  Plaintiff lived at the Apartment until October 2020.  As described below, Plaintiff was only able to remove her possessions from the Apartment in August 2021.

6.      Plaintiff is informed and believes that from at least September 2020 through June 2021 the Apartment was owned and Plaintiff's occupancy of it was controlled, in whole or in part, by 48123.  Plaintiff is informed and believes that between September 2018 and the effective date of her resignation

1   in August 2021, Hyatt controlled, in whole or in part, both the terms and conditions of her employment

2   as well as the terms and conditions under which she could occupy the Apartment.

3       7.      With that background, Plaintiff describes her claims against 48123 and Hyatt as follows.

4   **II.     FAILURE TO ACCOMMODATE PLAINTIFF WITH MODIFIED WORK**

5       8.      About nine years ago, Plaintiff was injured while working at the Ventana Inn. The injury

6   affected her right elbow and right shoulder. Plaintiff filed a workers compensation claim, which was

7   accepted. She began receiving treatment and rehabilitation services through Rehab One and other

8   medical providers. Despite efforts to improve her health, Plaintiff's ability to lift, reach, push and

9   engage in repetitive work have been restricted since her injury. Defendants are aware of the extent of

10  these injuries as they have received communications regarding Plaintiff and her injuries from parties

11  associated with the workers compensation system. These communications have continued over the past

12  three years because Plaintiff is continuing to get medical treatment through the workers compensation

13  system and Defendants are notified of these treatments. Thus, for about nine years Plaintiff has been a

14  person with physical disabilities. Plaintiff has required that Defendants provide her with modified work

15  duties—as a reasonable accommodation—to continue to work at the Ventana Inn and receive wages.

16      9.      Over the past three years Defendants did not reasonably accommodate Plaintiff's

17  disabilities by providing her with modified work. Instead, Defendants kept Plaintiff on an unpaid leave

18  of absence even when she was able to work with reasonable accommodations. During the past three

19  years, both Plaintiff as well as people associated with her repeatedly asked Defendants to provide

20  Plaintiff with modified work or have a serious conversation with them about the types of work that

21  Plaintiff could do, but the Defendants refused to provide modified work or have a good faith discussion

22  about potential modified work that could be available.

23      10.     Plaintiff contends that this was a failure to reasonably accommodate her disabilities. She

24  also contends that Defendants did not take the first step of engaging in a good faith interactive process to

25  try to make accommodations for her disabilities.

26      11.     The most salient facts that support these claims, among others, are three phone calls that

27

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

1 | occurred in the summer and fall of 2020 (roughly June-October).  During those calls, Plaintiff and her

2 | son, Alex Paz, asked Defendants' representatives to provide Plaintiff with modified work rather than to

3 | continue to keep her on an unpaid leave, against her wishes.

4 |     12.    At the time, Plaintiff and her son had reason to believe that Defendants would consider

5 | their requests for modified work in good faith because Defendants had recently sent documentation to

6 | Plaintiff that suggested she should ask for a reasonable accommodation if she wanted one and that stated

7 | Defendants would engage her in the interactive process if she did request an accommodation.

8 |     13.    During the calls that followed this correspondence, Plaintiff and her son both argued that

9 | Plaintiff could perform many tasks at the Ventana Inn even with her physical restrictions.  They

10 | mentioned that Plaintiff was qualified to perform at least the following tasks: folding towels, filling soap

11 | and shampoo bottles, preparing fruit plates, completing light kitchen work, providing turndown service

12 | in rooms, performing miscellaneous back of the house tasks, and making small housekeeping

13 | deliveries—among other work.

14 |     14.    These are important jobs at a large hotel like the Ventana Inn.  At any given time, more

15 | than a dozen housekeepers usually work at the hotel, which cycles through hundreds of towels every day

16 | between different uses in the guest rooms, pools, hot tubs, and spas.  Thus, the tasks described above

17 | could likely have filled a full day of work for Plaintiff for up to five days per week.  If they did not fill

18 | an entire day, Plaintiff would have agreed to work a part-time schedule.

19 |     15.    In response to her suggestions regarding potential types of modified work, Defendants

20 | did not offer Plaintiff any opportunity to return to active status as an employee.  Instead, any interactive

21 | process by Defendants was limited to referring Plaintiff to the open positions listed on the hotel's

22 | website.  All the positions that were listed at the time this referral was made required English language

23 | fluency, which Defendants knew Plaintiff did not have.  Defendants had no substantive response when

24 | Plaintiff and her son pointed this out and said Plaintiff was not qualified for a job that required her to

25 | speak English.

26 |     16.    Defendants' weak effort to find an accommodation for Plaintiff or seriously consider

27 |

whether any modifications to existing jobs could return her to active status at the hotel is not consistent with Defendants' interactive process obligations as set forth in Section 11069(c) of the California Code of Regulations, among other places.

17.   Moreover, Defendants were reluctant to even speak with Plaintiff's son, who assumed the role of a translator and advocate for Plaintiff. In prior years, Alex attempted to speak with Human Resources representatives at Defendants but was told they would only speak with Plaintiff and not him. This is inconsistent with the Section 11065(j) of the California Code of Regulations.

18.   Defendants never identified which specific essential functions of her job were ones that Plaintiff could not perform with reasonable accommodation. Further, on information and belief, Defendants never completed any kind of analysis regarding the types of accommodations that they might have been able to provide to Plaintiff—certainly no such documents were provided to Plaintiff. Further, Plaintiff believes that no written documents exist that constitute an analysis of whether Plaintiff could—with reasonable accommodations—perform the essential functions of a room attendant, similar housekeeping role or any other role at the Ventana Inn.

19.   For instance, the paradigmatic reasonable accommodation for Plaintiff was restructuring her job duties such that other employees would perform the tasks that involved heavier lifting and reaching above her shoulders. Plaintiff could have taken over from other employees the tasks that involved lighter work and reaching below the shoulders. The FEHA regulations contemplate this sort of restructuring at 2 CCR § 11065(p)(2)(E)-(G).

20.   Also, Hyatt could have assigned Plaintiff modified work at one of the company's larger hotels either in Monterey County or elsewhere. Again, the FEHA regulations contemplate this sort of internal reassignment at 2 CCR §§ 11065(p)(2)(N), 11068(d).

21.   Another reasonable accommodation would have been assigning the marginal functions of Plaintiff's room attendant role—like heavier lifting and reaching above one's shoulders—to other employees. This is something that the owners of the Ventana Inn have done in the past for other employees and is also contemplated by the FEHA regulations at 2 CCR § 11065(e)(3). Plaintiff knows

5
PLAINTIFF'S COMPLAINT FOR DAMAGES

the Ventana Inn's past practices of creating new jobs for injured workers. Alex Paz, who worked at the

Ventana Inn 15-20 years ago in management-level positions, also knows about this practice.

22.     The accommodations that have previously been made for similarly-situated injured

workers at the Ventana Inn include assigning certain job functions which might otherwise be considered

essential—like heavy lifting—to other employees and then having the injured employee perform only

light duty. In addition, the Ventana Inn has made modifications and completed restructurings of other

employees' jobs that one might argue constituted the creation of an entirely new job for an employee

who had been injured.

23.     Here are three examples of this practice as it has been applied in the past to workers at the

Ventana Inn.

- J. Perez (He is a bellman who for the last decade has worked at the Ventana Inn with substantial lifting restrictions. He has been accommodated by being limited to carrying small items, valeting cars and doing various odd jobs.)
- L. Gutierrez (She is a former employee at the Ventana Inn who experienced a back injury roughly 15 years ago. She was reassigned from working as a housekeeper to working as a shuttle driver.)
- R. Plasencia (He experienced a leg injury many years ago while working as a landscaper. As an accommodation he was assigned to only perform light duty work for an extended period.)

Because Defendants have a history of creating what could be termed "new" jobs for injured workers, it

follows that accommodating Plaintiff by creating a new job still would have been a reasonable

accommodation based on Defendants' past practices.

24.     Rather than making any of the accommodations discussed in the paragraphs above,

Defendants kept Plaintiff on unpaid leave for many years and eventually forced her to quit. Plaintiff

finally resigned from her employment in August 2021, when she returned to Big Sur and moved her

possessions out of the Apartment. Plaintiff had no reasonable alternative but to quit given that she had

been on unpaid leave for more than three years and Defendants had confirmed they would never

accommodate her with modified work. In addition, Plaintiff was reluctant to go back to work at the

Ventana Inn given what occurred in October 2020 and is discussed below.

25.     Finally, beyond the phone calls that occurred in 2020 with Plaintiff and her son, Plaintiff

also asked for reasonable accommodations on many other occasions. Plaintiff recalls introducing herself to Hyatt's managers in 2018 when it took over the Ventana Inn. At that time, she asked for work. Hyatt did not offer modified work in response to this request. Further, a few years ago Plaintiff's daughter, Alma, as well as her daughter-in-law also participated in conversations with Defendants where they advocated that Plaintiff receive light duty work that a non-English speaker could perform. In response, Defendants never offered Plaintiff an accommodation that a non-English speaker like her could perform.

26.     Plaintiff brings claims under the Fair Employment and Housing Act ("FEHA") for failing to accommodate her disability, failing to engage her in the interactive process and disparate treatment based on her disability. As a remedy for Defendants' conduct Plaintiff seeks damages for her past and future wage loss, damages for the non-economic harms she experienced, punitive damages, as well as compensation for her reasonable attorney's fees and costs.

## III.     FORCING PLAINTIFF TO LEAVE THE APARTMENT WHEN SHE HAD COVID

27.     Plaintiff's second set of claims arises from events that occurred after she tested positive for COVID in October 2020. At the time, Plaintiff was living in the Apartment. However, as discussed above, she was on an unpaid leave from working at the Ventana Inn.

28.     Around October 16, 2020, Plaintiff went to the Big Sur Clinic to take a COVID test. A few days earlier, Plaintiff's friend Lalo had received a positive COVID test and Plaintiff had been in close contact with him. After taking the COVID test, Plaintiff returned to the Apartment.

29.     Defendants were aware that Lalo had been exposed to COVID and was a presumed positive for COVID. Defendants had this understanding because Lalo—like many hotel workers in Big Sur—performed services at both the Post Ranch Inn as well as the Ventana Inn. Thus, Plaintiff alleges on information and belief that around the same time that Plaintiff went to take a COVID test Defendants had already been informed both of Lalo's presumed positive COVID test as well as the fact that Plaintiff was a close contact of Lalo's.

30.     In addition, Plaintiff had a roommate at the Apartment named Rosalva. Lalo and Rosalva knew each other as they work together at the Post Ranch Inn as well as the Ventana Inn. Lalo and

Rosalva also have mutual friends and acquaintances there and elsewhere. Thus, information about Plaintiff's COVID situation likely leaked to Defendants from these channels and others given that Big Sur and the Post Ranch/Ventana worker communities are so small.

31.    Regardless, around the same time that Plaintiff took her COVID test, Defendants discovered from an unknown source that Plaintiff had been exposed to COVID and had recently taken a COVID test. Plaintiff does not know precisely how this information was communicated to Defendants.

32.    However, once Defendants discovered this information, their housekeeping manager, Vicente Hernandez, called Plaintiff. Mr. Hernandez told Plaintiff that Defendants' "main office" had directed him to tell her that she had to leave the Apartment immediately. Mr. Hernandez said that Plaintiff had to leave the Apartment immediately and that Defendants were directing her to do so. Mr. Hernandez mentioned that Plaintiff could infect other workers and that was one reason she had to leave the property.

33.    Plaintiff recalls that she told Mr. Hernandez that she had nowhere else to go and that she might travel to Texas to be with her children who live there. Mr. Hernandez had no response to this statement. Notably, Mr. Hernandez did not say "Susana don't travel to Texas" (or something of that nature), he did not offer her a place to stay other than the Apartment, and he did not offer her any money or vouchers to use to fund alternative lodging. Instead, he was steadfast in his opinion that she was not permitted to isolate in her Apartment and that she was required to leave the property ASAP.

34.    At the time, Plaintiff was 77 years old, had no family in the area, and could not speak English. Her economic resources were quite limited given that she had been on an unpaid leave for over five years. Also, Plaintiff was at a higher risk for hospitalization or death due to COVID given her age and pre-existing conditions. With this context, it makes sense that Plaintiff was especially distressed and flustered after she was told she needed to leave her Apartment when she was carrying a lethal and highly contagious virus.

35.    Since she was panicked by her situation and had nowhere else to go, Plaintiff first stayed with a relative in Salinas. Then, a day later, she flew to Texas to be with her children. This dangerous

1  and ill-advised decision reflected Plaintiff's desperation in a difficult moment and was also a product of

2  her lack of language skills and her economic and social status that had been lowered further in recent

3  years by Defendants' failure to provide her with modified work.

4       36.    Plaintiff stayed in Texas from October 2020 until August 2021. During that time,

5  Defendants never offered Plaintiff any way to return to active status at the Ventana Inn. For all intents

6  and purposes, Mr. Hernandez severed Plaintiff's employment relationship with Hyatt when he told her

7  to leave the Apartment.

8       37.    In August 2021, Plaintiff moved her things out of the Apartment and formally submitted

9  her resignation to Defendants—which was accepted without comment. She has recently been staying

10  with friends and family in Monterey County.

11       38.    Plaintiff contends that Defendants engaged in the following legal violations when they

12  forced her out of her Apartment while she had COVID.

13       39.    First, Defendants engaged in disparate treatment when they pushed Plaintiff out of her

14  housing. Many other employees at the Ventana Inn also live onsite and many of those workers also got

15  COVID. However, Plaintiff was the only one who was told to leave her residence. On information and

16  belief, the other employees who got COVID but were allowed to stay in their apartments were on active

17  status—meaning they were actively working—and did not have disabilities like Plaintiff's. Thus,

18  Plaintiff contends that she was treated worse than her non-disabled colleagues. It seems that Defendants

19  did not want Plaintiff to disrupt their business by infecting the workers who were on active status or they

20  otherwise found Plaintiff less essential because she was disabled and not working actively.

21       40.    Second, Defendants engaged in violations of the housing-specific provisions of FEHA

22  and the Unruh Act when they told an employee with COVID and other disabilities to leave her rental

23  unit at the Ventana Inn.

24       41.    Third, Defendants violated Section 6309 of the Labor Code and that violation is

25  actionable under Section 98.6 of the Labor Code.

26       42.    Finally, Defendants caused Plaintiff to experience severe emotional distress, interfered

27

9
PLAINTIFF'S COMPLAINT FOR DAMAGES

1 │ with her use and enjoyment of her personal property in the Apartment, and violated her contracts

2 │ respecting her access to the Apartment.

3 │      43.    As a remedy for Defendants' conduct, Plaintiff seeks lost wages, penalties, damages for

4 │ her non-economic harms, damages for her loss of use of her things, exemplary damages, as well as

5 │ compensation for her reasonable attorney's fees.

6 │ **IV.    PARTIES**

7 │      44.    Plaintiff Susana Guillen Paz is a resident of Monterey County, California.  Throughout

8 │ the period that is relevant to this lawsuit she was employed by Defendants in Big Sur, CA—in Monterey

9 │ County, California.

10 │      45.    Defendant 48123 CA Investors, LLC is a Delaware limited liability company that has its

11 │ principal executive offices in San Francisco, CA and, at all relevant times, had its principal physical

12 │ assets located in Monterey County, CA.  Thus, 48123 is a resident of California.

13 │      46.    Defendant Hyatt Corporation ("Hyatt") is a Delaware corporation that has some of its

14 │ executive offices in Chicago, Illinois and has employees and assets widely distributed across the United

15 │ States, including substantial assets located in Monterey County, CA.

16 │ **V.    VENUE**

17 │      47.    The acts and omissions at issue in this complaint occurred in Monterey County, CA and

18 │ the relevant records and witnesses are located there and elsewhere at Defendants' offices in California,

19 │ including in Big Sur, CA and San Francisco, CA.

20 │      48.    Plaintiff seeks damages and other relief under the Fair Employment and Housing Act,

21 │ Gov. Code §§ 12940 *et seq.* ("FEHA").  Accordingly, venue is proper in Monterey County under Gov.

22 │ Code § 12965(b) and Code Civ. Proc. §§ 393, 395(a).

23 │ **VI.    PLAINTIFF HAS EXHAUSTED HER ADMINISTRATIVE REMEDIES**

24 │      49.    On September 13, 2021, the California Department of Fair Employment and Housing

25 │ issued Plaintiff a right-to-sue notice in respect of her claims under FEHA for disability discrimination,

26 │ disability harassment, failure to accommodate, failure to engage in the interactive process, retaliation

27 │

1 | and failure to prevent discrimination and harassment.  A copy of that notice of right to sue immediately

2 | follows this complaint.  Thus, Plaintiff timely exhausted her administrative remedies and timely filed

3 | this lawsuit following such exhaustion.

4 | **VII.   CAUSES OF ACTION**

5 | <u>**FIRST CAUSE OF ACTION – AGAINST ALL DEFENDANTS**</u>

6 | **Disability Discrimination – Disparate Treatment In Employment**

7 | **(Gov. Code § 12940(a))**

8 |       Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set

9 | forth herein and for a cause of action alleges as follows.

10 |       50.    Defendants employed Plaintiff at relevant times.  Defendants each have more than five

11 | employees and, therefore, are covered employers under FEHA.  Plaintiff has right shoulder and right

12 | elbow injuries that limit her ability to lift, push, pull and reach.  Therefore, Plaintiff had "physical

13 | disabilities" under FEHA.  Defendants treated Plaintiff differently—worse—than other employees

14 | without disabilities.  This disparate treatment took three forms.  First, Defendants did not allow Plaintiff

15 | to work and, instead, kept her on unpaid leave for many years.  Second, Defendants told Plaintiff that

16 | she needed to leave her housing—the Apartment—when she had COVID unlike similarly situated

17 | employees who did not have disabilities who were permitted to remain in their employer-provided

18 | housing.  Third, Defendants constructively discharged Plaintiff when they refused to let her work with

19 | modified duties, told her to leave her housing without providing alternative housing to her, and—

20 | thereafter—never offered Plaintiff any way to return to active status or even return to California.

21 | Plaintiff was harmed by Defendants' conduct.  She suffered emotionally because of not being permitted

22 | to work.  She received treatment for depression and other emotional injuries.  She also lost wages.

23 | Further, Plaintiff lost her housing temporarily in October 2020 and had to leave California during a

24 | vulnerable time her life, which caused her to experience anxiety, nervousness and otherwise suffer

25 | emotionally.  Defendants acted with malice, fraud and/or oppression and this conduct was authorized

26 | and/or ratified by their managing agents.

27 |

1

## SECOND CAUSE OF ACTION – AGAINST ALL DEFENDANTS

2

### Disability Discrimination In Housing

3

### (Civil Code § 51(b))

4  Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set

5  forth herein and for a cause of action alleges as follows.

6  51.    Plaintiff resided at the Apartment, which Defendants owned and controlled.  Plaintiff was

7  disabled as described above.  Plaintiff contracted COVID in October 2020 and Defendants regarded her

8  as having the coronavirus.  Defendants treated Plaintiff differently—worse—than other employees

9  without disabilities.  This disparate treatment took two forms.  First, Defendants told Plaintiff that she

10  needed to leave her housing—the Apartment—when she had COVID.  Second, Defendants engaged in

11  disparate treatment given that similarly situated employees who did not have disabilities were permitted

12  to remain in their employer-provided housing (even when they had COVID).  Plaintiff was harmed by

13  Defendants' conduct.  She lost her housing temporarily in October 2020 and had to leave California

14  during a vulnerable time her life, which caused her to experience anxiety, nervousness and otherwise

15  suffer emotionally.  Defendants acted with malice, fraud and/or oppression and this conduct was

16  authorized and/or ratified by their managing agents.

17

## THIRD CAUSE OF ACTION – AGAINST ALL DEFENDANTS

18

### Disability Discrimination In Housing

19

### (Gov. Code § 12955)

20  Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set

21  forth herein and for a cause of action alleges as follows.

22  52.    Plaintiff resided at the Apartment, which Defendants owned and controlled.  Plaintiff was

23  disabled as described above.  Plaintiff contracted COVID in October 2020 and Defendants regarded her

24  as having the coronavirus.  Defendants treated Plaintiff differently—worse—than other employees

25  without disabilities.  This disparate treatment took two forms.  First, Defendants told Plaintiff that she

26  needed to leave her housing—the Apartment—when she had COVID.  Second, Defendants engaged in

27

1  disparate treatment given that similarly situated employees who did not have disabilities were permitted
2  to remain in their employer-provided housing even when they had COVID. Plaintiff was harmed by
3  Defendants' conduct. She lost her housing temporarily in October 2020 and had to leave California
4  during a vulnerable time her life, which caused her to experience anxiety, nervousness and otherwise
5  suffer emotionally. Defendants acted with malice, fraud and/or oppression and this conduct was
6  authorized and/or ratified by their managing agents.

7  **FOURTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS**
8  **Failure To Accommodate A Disabled Employee**
9  **(Gov. Code § 12940(m))**

10  Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set
11  forth herein and for a cause of action alleges as follows.

12  53.  Defendants employed Plaintiff at relevant times. Defendants each have more than five
13  employees and, therefore, are covered employers under FEHA. Plaintiff has shoulder and elbow injuries
14  that limit her ability to lift, push, pull and reach. Therefore, Plaintiff had "physical disabilities" under
15  FEHA. Plaintiff repeatedly requested that Defendants make accommodations for these disabilities by
16  providing her with modified work. Plaintiff's son, Alex, also made these requests and so did her
17  daughter and her daughter-in-law. Plaintiff would have been able to work for Defendants in many roles
18  if she had received modified duties and other reasonable accommodations. Defendants never offered
19  Plaintiff any accommodation other than unpaid leave and never offered her any way to return to active
20  status. Thus, Defendants failed to reasonably accommodate Plaintiff. Plaintiff was harmed by
21  Defendants' conduct. She suffered emotionally because she was not permitted to work. She received
22  treatment for depression and other emotional injuries. She also lost wages over a period of many years
23  and that wage loss will continue. Further, Plaintiff lost her housing temporarily in October 2020 and
24  had to leave California during a vulnerable time her life, which caused her to experience anxiety,
25  nervousness and otherwise suffer emotionally. Defendants acted with malice, fraud and/or oppression
26  and this conduct was authorized and/or ratified by their managing agents.
27

13
PLAINTIFF'S COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### FIFTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

**Failure To Engage In A Good Faith Interactive Process With A Disabled Employee**

**(Gov. Code § 12940(n))**

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

54.    Defendants employed Plaintiff at relevant times. Defendants each have more than five employees and, therefore, are covered employers under FEHA. Plaintiff has right shoulder and elbow injuries that limit her ability to lift, push, pull and reach. Therefore, Plaintiff had "physical disabilities" under FEHA. Plaintiff repeatedly requested that Defendants make accommodations for these disabilities by providing her with modified work. Plaintiff's son, Alex, also made these requests and so did her daughter and her daughter-in-law. Plaintiff would have been able to work for Defendants in many roles if she had received modified duties and other reasonable accommodations. Defendants never offered Plaintiff any accommodation other than unpaid leave and never offered her any way to return to active status. Defendants did not seriously consider Plaintiffs' accommodation requests, as they never conducted any analysis regarding the viability of potential accommodations. Further, Defendants often refused to speak with Plaintiffs' son and other family members with English language skills who could advocate on her behalf. Defendants—both subjectively and objectively—did not engage in a "good faith" interactive process. Further, the interactive process was not "timely" as Defendants ignored Plaintiffs' requests and sometimes did not substantively accommodate them. Plaintiff was harmed by Defendants' conduct. She suffered emotionally as a result of not being permitted to work. She received treatment for depression and other emotional injuries. She also lost wages over a period of many years and that wage loss will continue. Further, Plaintiff lost her housing temporarily in October 2020 and had to leave California during a vulnerable time her life, which caused her to experience anxiety, nervousness and otherwise suffer emotionally. Defendants acted with malice, fraud and/or oppression and this conduct was authorized and/or ratified by their managing agents.

## SIXTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

### Retaliation Related To Employee's Positive COVID Test

### (Labor Code §§ 98.6, 6409.6(f))

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

55.    Plaintiff was employed by Defendants and resided in the Apartment, which Defendants owned or controlled. Plaintiff was perceived as being positive for COVID in October 2020, having recently taken a COVID test. While Plaintiff was waiting for her results in the Apartment, Defendants called Plaintiff and ordered her to leave her housing. In doing so, Defendants retaliated against Plaintiff for quarantining and isolating and otherwise disclosing a positive COVID-19 test or diagnosis and, therefore, Defendants' violated Labor Code §§ 98.6(a)-(b) and 6409.6(f). Plaintiff seeks the penalty set forth in Labor Code § 98.6(b)(3) as well as reimbursement for her lost housing and any allowable emotional distress damages and punitive damages.

## SEVENTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

### Intentional Infliction Of Emotional Distress

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

56.    In October 2020, Defendants told Plaintiff that she needed to leave the Apartment. At the time, Defendants were aware that Plaintiff had nowhere else to go. They were aware that Plaintiff was elderly and disabled. They were aware she did not speak English. They were aware that her financial resources were limited. They were aware she might travel to be with family, including flying on an airplane while she had COVID. Nevertheless, Defendants instructed Plaintiff to leave her apartment while she had COVID. Being told to leave the Apartment—and her support system in Big Sur—during a vulnerable time in her life caused Plaintiff to experience severe emotional distress. Defendants either intended to cause Plaintiff emotional distress or acted with reckless disregard for the probability that Plaintiff would experience emotional distress because of being told to leave her Apartment. Defendants'

conduct was a substantial factor in causing Plaintiff to experience severe emotional distress.  Defendants also acted with malice, fraud and/or oppression, which acts were authorized or ratified by Defendants' managing agents.

## EIGHTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

### Negligent Infliction Of Emotional Distress

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

57.     In October 2020, Defendants told Plaintiff that she needed to leave the Apartment, which Defendants owned and controlled.  Defendants were aware that Plaintiff had nowhere else to go.  They were aware that Plaintiff was elderly and disabled.  They were aware she did not speak English.  They were aware that her financial resources were limited.  They were aware she might travel to be with family.  Nevertheless, Defendants instructed Plaintiff to leave the Apartment while she had COVID. Being told to leave her apartment and her support system in Big Sur during a vulnerable time in her life caused Plaintiff to experience serious emotional distress.  Defendants acted negligently in telling Plaintiff to leave her apartment and not ensuring that their employees and agents did not tell Plaintiff to leave her apartment.  Defendants' conduct was a substantial factor in causing Plaintiff to experience serious emotional distress.

## NINTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

### Breach Of Contract

### (Written, Oral, Implied, Covenant Of Good Faith And Fair Dealing)

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

58.     Plaintiff and Defendants were parties to agreements regarding the Apartment that Plaintiff rented at the Ventana Inn property.  Those agreements were written.  There were also oral and implied agreements that were entered over the course of a dozen years.  Defendants breached those agreements when they instructed Plaintiff to leave the apartment in October 2020.  Further, Defendants

breached the implied covenant of good faith and fair dealing—acting inconsistently with those agreements—when they instructed Plaintiff to leave the apartment in October 2020. Plaintiff was harmed by these breaches as she lost access to the Apartment, spent money to leave the apartment, lost access to her possessions, and was harmed in other ways.

## TENTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

### Conversion / Trespass

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

59.     Plaintiff had a right to possess her belongings inside the Apartment and a right to access the Apartment. Defendant interfered with these rights by taking possession of the Apartment and instructing Plaintiff not to visit the Apartment. Plaintiff did not consent to this conduct. She was harmed because she lost access to the Apartment and her things. Defendants' conduct was a substantial factor in causing this harm.

## ELEVENTH CAUSE OF ACTION

### Constructive Discharge In Violation Of Public Policy

### (*Tameny*)

Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein and for a cause of action alleges as follows.

60.     Plaintiff was employed by Defendants. Plaintiff was subjected to the working conditions listed above that violate the public policies described in the preceding causes of action; including: (i) not being provided modified work and instead being kept on unpaid leave for many years; (ii) being evicted from her housing while she had COVID; (iii) being treated differently than non-disabled employees; and (iv) being denied access to her housing and possessions. Defendants intentionally created or knowingly permitted these working conditions, which were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative but to resign. Plaintiff resigned because of these working conditions. Plaintiff was harmed as she lost income and suffered emotionally. The working

1  conditions were a substantial factor in causing Plaintiff's harm.  Defendants acted with malice, fraud

2  and/or oppression, which was authorized and ratified by Defendants' managing agents.

3  **VIII.   PRAYERS FOR RELIEF**

4        **WHEREFORE,** Plaintiff prays for judgment against each of the Defendants as follows.

5        1.      Wage loss damages—consisting of back pay and front pay, both hourly wages and

6  benefits—for the maximum periods allowed by law and according to proof, in an amount that exceeds

7  $200,000 to date and that may continue to accrue.

8        2.      Compensatory and general damages for Plaintiff's emotional distress, severe emotional

9  distress, anxiety, loss of enjoyment of life, and other non-economic harms, in an amount that exceeds

10  $500,000 and that may continue to accrue.

11       3.      Penalties under Labor Code § 98.6(b)(3) of at least $10,000.

12       4.      An award to Plaintiff of costs of suit incurred herein and reasonable attorneys' fees under

13  Gov. Code § 12965(b), Civil Code § 51 and other applicable statutes, in an amount that exceeds $50,000

14  and that will continue to accrue.

15       5.      Punitive damages as allowed by law under Civil Code § 3294 and in an amount

16  according to proof.

17       6.      Pursuant to Code Civ. Proc. § 425.10(b), Plaintiff prays for judgment in the total amount

18  of $1,500,000, encompassing both economic and non-economic damages, punitive damages, penalties,

19  as well as attorney's fees incurred to date, with attorney's fees continuing to accrue thereon.

20       7.      For an award of prejudgment and post-judgment interest.

21       8.      For an award to Plaintiff of any other legal or equitable relief that the Court deems just

22  and proper.

23

24  //

25  //

26  //

27

Dated: September 16, 2021

SEBASTIAN MILLER LAW, P.C.

By: _____
Sebastian L. Miller
Attorneys for Plaintiff
Susana Guillen Paz

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all issues.

Dated: September 16, 2021

SEBASTIAN MILLER LAW, P.C.

By: _____
Sebastian L. Miller
Attorneys for Plaintiff
Susana Guillen Paz

## [NOTICE OF RIGHT TO SUE FOLLOWS]

19
PLAINTIFF'S COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 13, 2021

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202109-14734513
        Right to Sue: Paz Guillen / 48123 CA Investors, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete. To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 13, 2021

Susana Paz Guillen

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202109-14734513
       Right to Sue: Paz Guillen / 48123 CA Investors, LLC et al.

Dear Susana Paz Guillen:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 13, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5  Susana Paz Guillen                                        DFEH No. 202109-14734513

6                                          Complainant,

7  vs.

8  48123 CA Investors, LLC

9

10  Hyatt Corporation

11                                          Respondents

12  ─────────────────────────────────────────

13  1. Respondent **48123 CA Investors, LLC**  is an **employer 48123 CA Investors, LLC** subject

14  to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et
seq.).

15  2.Complainant is naming **Hyatt Corporation** business as Co-Respondent(s).

16

17  3. Complainant **Susana Paz Guillen**, resides in the City of , State of .

18  4. Complainant alleges that on or about **August 3, 2021**, respondent took the
following adverse actions:

19

20  **Complainant was discriminated against** because of complainant's disability (physical or
mental), medical condition (cancer or genetic characteristic), other and as a result of the

21  discrimination was forced to quit, suspended, asked impermissible non-job-related
questions, denied any employment benefit or privilege, denied reasonable accommodation

22  for a disability, other, denied work opportunities or assignments, denied or forced to transfer.

23  **Complainant experienced retaliation** because complainant requested or used a disability-
related accommodation and as a result was asked impermissible non-job-related questions.

24

25  **Additional Complaint Details:** Between September 13, 2018 and August 3, 2021,
Complainant was able to work for the Respondents--her employers--with reasonable

26

27                                          -1-

28  Date Filed: September 13, 2021

accommodations.  Complainant had disabilities that stemmed from an injury in 2012--
including right shoulder injuries (rotator cuff tear, shoulder rupture, restrictions on lifting and
reaching) and related pain.  Complainant requested that she receive modified work but that
request was never granted and instead she was kept on an unpaid leave.  Complainant's
children and others acting on her behalf also requested that she be provided with modified
work.  Again, these requests were denied or ignored.  Complainant contends that this
constitutes disability discrimination, a failure to accommodate and a failure to engage in a
good faith interactive process.

In addition, after Complainant was a close contact for COVID and a presumed positive, she
was told that she needed to leave employee-provided housing.  This is disparate treatment
on the basis of her disability as other workers who contracted COVID or were presumed
positives were not told to leave employee housing.  Complainant contends that the fact that
she was not working and, instead, was on an extended disability leave was a basis for
Respondents' decision to instruct her to leave employee housing.

Complainant brings claims related to disability discrimination in housing (Gov Code 12955)
as well as employment (Gov Code 12940) because she worked for Respondents and was
provided housing by them.

-2-
*Complaint – DFEH No. 202109-14734513*

Date Filed: September 13, 2021

1 VERIFICATION

2 I, **SEBASTIAN MILLER**, am the **Attorney** in the above-entitled complaint.  I have read

3 the foregoing complaint and know the contents thereof.   The matters alleged are
based on information and belief, which I believe to be true.

4

5 On September 13, 2021, I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct.

6                                                                                              **Carmel, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -3-

28 Date Filed: September 13, 2021

| **SUPERIOR COURT OF MONTEREY COUNTY**<br>Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Susana Guillen Paz<br>vs. | **CASE NUMBER**<br>**21CV002925** |
| Hyatt Corporation, et al. | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Marla O. Anderson- Dept. 14**

**Your case number ending ODD is assigned for all purposes to the Hon. Thomas W. Wills- Dept. 15**

**Your complex or class action case is assigned for all purposes to Assigned Visiting Judge- Dept. 13**

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* www.monterey.courts.ca.gov. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>January 18, 2022</u>    Time:<u>9:00 AM</u>

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

*Telephonic appearance, two days prior to the hearing, can be arranged directly through Court Call Service at 1-888-882-6878. California Rule of Court 3.670. Authorization for telephone appearance <u>will not</u> be given on the day of the hearing.*

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. January 2016]
**(Civil)**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial. **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.***

### Alternative Dispute Resolution (CI-127)
(INFORMATION PACKET)
OPTIONS FOR RESOLVING YOUR DISPUTE

## There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

## Advantages of ADR

Here are some potential advantages of using ADR:

- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**   [Rev. January 2016]
**(Civil)**

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set

# EXHIBIT B

1  FOLGER LEVIN LLP
   Lisa McCabe van Krieken (CSB No. 121808, lvankrieken@folgerlevin.com)
2  Sherri M. Hansen (CSB No. 302903, shansen@folgerlevin.com)
   199 Fremont Street, 20th Floor
3  San Francisco, CA  94105
   Telephone: 415.625.1050
4  Facsimile: 415.625.1091

5  Attorneys for Defendants
   Hyatt Corporation and
6  48123 CA Investors, LLC

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 10/15/2021 3:46 PM
By: Rebecca Martinez, Deputy

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF MONTEREY

10

11  SUSANA GUILLEN PAZ,                     Case No. 21CV002925

12              Plaintiff,                  **ASSIGNED FOR ALL PURPOSES TO**
                                            **HON. THOMAS W. WILLIS, DEPT. 15**
13        v.
                                            **ANSWER OF DEFENDANTS HYATT**
14  48123 CA INVESTORS, LLC; and            **CORPORATION AND 48123 CA**
    HYATT CORPORATION,                      **INVESTORS, LLC TO PLAINTIFF'S**
15                                          **COMPLAINT**
                Defendants.
16                                          Action Filed:     September 16, 2021
                                            Trial Date:       TBD
17

18        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants Hyatt

19  Corporation ("Hyatt") and 48123 CA Investors LLC ("48123 Investors") hereby submit this

20  Answer to the unverified Complaint (hereinafter "Complaint") of Susana Guillen Paz

21  ("Plaintiff"), on file herein as follows:

22                              **GENERAL DENIAL**

23        Defendants generally deny each and every allegation of the Complaint, and the whole

24  thereof, and deny that Plaintiff is entitled to any recovery or relief sought or alleged by reason of

25  any act, omission, or conduct on the part of Defendants.

26        ///

27        ///

28

FOLGER LEVIN LLP
ATTORNEYS AT LAW

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Facts Sufficient to Constitute a Cause of Action)

As a first and separate defense, and solely by way of an alternative defense, not to be construed as an admission, pursuant to and in accordance with California Code of Civil Procedure Section 430.10(e), Defendants object to Plaintiff's Complaint and allege that the Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(No Malice/Good Faith Belief)

As a second and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that at all times and places mentioned in the Complaint, Defendants acted reasonably, with due care, without malice and with a good-faith belief in the propriety of their conduct at all times material to the allegations in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

(Waiver/Estoppel)

As a third and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that Plaintiff's recovery in this action is barred by the doctrines of waiver and estoppel based upon Plaintiff's own conduct, in that after Plaintiff's employer received Plaintiff's medical report indicating that she could no longer perform the duties of a Room Attendant, Plaintiff did not express interest in any available positions with Defendant Hyatt that corresponded with Plaintiff's physical limitations.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

As a fourth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that the Complaint is barred by the doctrine of laches in that Plaintiff delayed for an unreasonable time, under circumstances permitting and

FOLGER LEVIN LLP
ATTORNEYS AT LAW

1  requiring diligence, to assert the purported claims alleged in the Complaint against Defendants

2  and/or others, to the substantial detriment and prejudice of Defendants.

3  **FIFTH AFFIRMATIVE DEFENSE**

4  (Failure to Mitigate)

5  As a fifth and separate defense, and solely by way of an alternative defense, not to be

6  construed as an admission, Defendants allege that Plaintiff's damages, if any, are barred to the

7  extent that Plaintiff has failed to mitigate damages, and that any recovery of damages, if any there

8  be, should be reduced in the amount by which Plaintiff should have mitigated those alleged

9  damages.

10  **SIXTH AFFIRMATIVE DEFENSE**

11  (Failure to Exhaust Administrative Remedies)

12  As a sixth and separate defense, and solely by way of an alternative defense, not to be

13  construed as an admission, Defendants allege that Plaintiff's causes of action under the California

14  Labor Code are barred to the extent that Plaintiff failed to exhaust her administrative remedies

15  and/or failed to exhaust them in a timely manner, including by failing to comply fully with the

16  requirements of California Labor Code Sections 6409.6(f), 98.6, and 98.7.

17  **SEVENTH AFFIRMATIVE DEFENSE**

18  (No Private Right of Action)

19  As a seventh and separate defense, and solely by way of an alternative defense, not to be

20  construed as an admission, Defendants allege that Plaintiff's causes of action under the California

21  Labor Code are barred to the extent that Labor Code Section 6409.6(f) does not grant Plaintiff a

22  private right of action.

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  (Statute of Limitations)

25  As an eighth and separate defense, and solely by way of an alternative defense, not to be

26  construed as an admission, Defendants allege that the causes of action alleged against them, or

27  parts thereof, are barred by the applicable statute of limitations, including but not limited to

28  California Government Code Section 12960.

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-3-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

(Legitimate Business Reasons)

As a ninth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that it had legitimate business reasons, unrelated to any classification protected under the FEHA, for the employment actions it took with regard to Plaintiff, if any.

**TENTH AFFIRMATIVE DEFENSE**

(Mixed-Motive/Same Decision Defense)

As a tenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that if it is found that Defendants' actions were motivated by both discriminatory and non-discriminatory reasons, the non-discriminatory reasons alone would have induced Defendants to make the same decision or decisions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Basis for Compensatory and/or Emotional Distress Damages)

As an eleventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award compensatory damages, damages for emotional distress, or other damages to Plaintiff under the causes of action alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

(Privilege/Justification)

As a twelfth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that their conduct toward Plaintiff, if any, was privileged and/or justified under the law in that Defendants acted at all times in full compliance with their statutory obligations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

As a thirteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that they exercised reasonable care to prevent and

FOLGER LEVIN LLP
ATTORNEYS AT LAW

correct promptly any discriminatory behavior in the workplace, including the implementation of a policy by Defendant Hyatt prohibiting discrimination and harassment, which was in place at all relevant times and known by Plaintiff.  Plaintiff unreasonably failed to take advantage of those preventative and corrective measures, and never complained of discrimination as alleged. Reasonable use of the preventative and corrective measures would have prevented at least some of the harm that Plaintiff alleges, if any harm occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Actions Not Unlawful)

As a fourteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that their actions were not unlawful in that they complied at all times with all applicable statutes and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Complain)

As a fifteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that to the extent that Plaintiff failed to complain about certain acts or omissions alleged in the Complaint, such failure to complain about discrimination constitutes a bar to Plaintiff's recovery of any damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Barred by Workers' Compensation)

As a sixteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that to the extent Plaintiff seeks recovery for alleged pain, suffering, mental anguish, emotional distress, and/or on the basis of negligence, then, pursuant to California Labor Code Section 3601, the exclusive remedy for such injury or negligence claims, if any, is governed by the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq.* and California Labor Code Section 132a.

///

///

///

FOLGER LEVIN LLP
ATTORNEYS AT LAW

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Failure to Engage in Interactive Process)

As a seventeenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that Plaintiff failed to engage in good faith in the interactive process as required by the ADA and FEHA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Knowledge of Disability)

As an eighteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant 48123 Investors alleges that it had no knowledge of any disability on the part of Plaintiff within the meaning of FEHA or the Unruh Act.

## NINETEENTH AFFIRMATIVE DEFENSE

(Not a Qualified Individual with a Disability)

As a nineteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that based upon Defendant Hyatt's understanding that Plaintiff was working as a nanny during the time period she asserts she was disabled, Plaintiff was not a qualified individual with a disability, and therefore her claims under the FEHA and the ADA fail as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

(Excessive Punitive Damages)

As a twentieth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award punitive damages under the causes of action alleged in the Complaint, and further allege that excessive punitive damage awards violate the due process clauses of the United States Constitution and California Constitution.

///

///

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Punitive Damages Bar)

As a twenty-first and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that any claim for punitive damages is barred by California Civil Code Section 3294(b).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(No Actions by Managing Agents)

As a twenty-second and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that at all times mentioned in the Complaint, Plaintiff has not alleged and cannot demonstrate any wrongful conduct by any managing agents of Defendants, and that Defendants' managing agents never ratified or condoned any unlawful or tortious conduct as alleged.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Causation)

As a twenty-third and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that none of the injuries alleged in the Complaint were proximately caused by any of the conduct of Defendants as alleged in the Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Injury or Loss to Plaintiff)

As a twenty-fourth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that Plaintiff has not suffered any injury, damage, loss, or harm due to any actions by Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Voluntary Resignation)

As a twenty-fifth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff's employment was terminable at will pursuant to California Labor Code Section 2922, and that, in any event, Plaintiff voluntarily resigned her employment.

FOLGER LEVIN LLP
ATTORNEYS AT LAW

ANSWER OF DEFENDANTS HYATT CORPORATION AND 48123 CA INVESTORS, LLC TO PLAINTIFF'S COMPLAINT; CASE NO. 21CV002925

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Employer Relationship – Defendant 48123 Investors)

As a twenty-sixth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant 48123 CA Investors, LLC alleges that it was never Plaintiff's employer and never acted as Plaintiff's employer in any capacity as a matter of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Basis for Attorneys' Fees)

As a twenty-seventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendants allege that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award attorneys' fees or costs to Plaintiff.

**RESERVATION OF DEFENSES**

Defendants reserve the right to raise additional affirmative defenses as they become known during the course of litigation.

**PRAYER FOR RELIEF**

Defendants further specifically deny that Plaintiff has suffered any injury or damages of any kind attributable in any way to any act or omission on the part of Defendants or any of their agents, servants, or employees, or any other person or entity.

WHEREFORE, Defendants pray as follows:

i.     For judgment in favor of Defendants against Plaintiff, and that Plaintiff take nothing by her Complaint;

ii.    That the Complaint herein be dismissed with prejudice;

iii.   That Defendants be awarded their costs of suit incurred in the defense of this action;

iv.    For reasonable attorneys' fees; and

iv.    For such other and further relief as this Court deems just and proper.

FOLGER LEVIN LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | Dated:  October 15, 2021 |

FOLGER LEVIN LLP

Sherri Hansen
Attorneys for Defendants
Hyatt Corporation and
48123 CA Investors, LLC

1129931.1

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-9-

**PROOF OF SERVICE**

I, Rebecca Erickson, state:

My business address is 199 Fremont Street, 20th Floor, San Francisco, California  94105. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

ANSWER OF DEFENDANTS HYATT CORPORATION AND
48123 CA INVESTORS, LLC TO PLAINTIFF'S COMPLAINT

on the following person(s) in this action:

Sebastian L. Miller
Sebastian Miller Law, P.C.
3785 Via Nona Marie, Suite 203-E
Carmel, CA  93923
Email: sebastian@sebastianmillerlaw.com

BY FIRST CLASS MAIL:  I am employed in the City and County of San Francisco where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

BY ELECTRONIC SERVICE:  Through the Court's e-filing portal, https://www.onelegal.com/, I caused the document(s) identified above to be transmitted electronically to the person(s) at the email address(es) listed above.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on October 15, 2021, at San Francisco, California.

Rebecca Erickson

1129929.1

FOLGER LEVIN LLP
ATTORNEYS AT LAW